UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DESTAIN BURTON,

       Petitioner,

v.                                      Case No. 2:04-cv-33
                                      HON. ROBERT HOLMES BELL

FABIAN LAVIGNE,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Destain Burton filed this petition for writ of habeas corpus challenging the validity of his state court convictions. Petitioner was convicted of armed robbery and felony firearm on December 9, 1998, following a bench trial. Petitioner was sentenced to 12 to 20 years imprisonment for the armed robbery and 2 years imprisonment for the felony firearm. Petitioner states that the Michigan Court of Appeals affirmed his convictions on March 30, 2001. Petitioner subsequently filed a request for leave to appeal in the Michigan Supreme Court, which was denied "by reason of default" because Petitioner had exceeded the 56 day time limitation.

Petitioner filed a motion for relief from judgment on May 29, 2002, in the Wayne County Recorder's Court. Petitioner's motion was denied on January 6, 2003. Petitioner filed an appeal in the Michigan Court of Appeals on July 23, 2003, which was denied on December 1, 2003. On February 26, 2004, Petitioner filed an application for leave to appeal to the Michigan Supreme Court, which was denied due to "default exceeded 56 day time limit" on February 29, 2004. Petitioner filed the instant habeas corpus petition on February 19, 2004.

Petitioner maintains that his conviction was obtained in violation of his federal rights. The instant petition sets forth two claims of relief:

I.    The trial court erred in denying defense counsel's motion to suppress the line-up identification when it was clear that the line-up was tainted by improper procedures.

II.   The trial court abused its discretion in improperly admitting tainted evidence.

The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be dismissed with prejudice.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160

F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989),

- 3 -

*cert. denied*, 495 U.S. 961 (1990).  Under the AEDPA, a determination of a factual issue made by

a state court is presumed to be correct.  The petitioner has the burden of rebutting the presumption

of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*,

161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

    Initially, Respondent states that Petitioner's claims are barred by the statute of

limitations.  The applicable statute of limitations is set forth in 28 U.S.C. § 2244(d)(1), which was

enacted on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO.

104-132, 110 STAT. 1214 (AEDPA).  The one-year period of limitation provided in § 2244(d)(1) is

new, as there previously was no defined period of limitation for habeas actions.[1]  Section 2244(d)(1)

provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest ofS
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

   [1]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition if it appears that the state has been prejudiced in its ability to respond to the petition by delay in filing unless the petitioner showed that the petition was based on grounds that he could not have known before the circumstances prejudicial to the state occurred.

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the period of limitation is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.  § 2244(d)(2).

As noted by Respondent in both the Answer and the Supplemental Answer, Petitioner's direct appeal to the Michigan Court of Appeals was denied on March 30, 2001.  The statute of limitations began to run 56 days later, on May 25, 2001, because his application for leave to appeal to the Michigan Supreme Court was rejected as untimely pursuant to M.C.R. 7.302(C)(3).  In his reply to the answer in this case, Petitioner claims that he deposited the application for leave to appeal to the Michigan Supreme Court on May 25, 2001, so that it should not have been deemed untimely.  However, a pleading or motion is not "properly filed" when the state court dismisses it as untimely.  *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001); *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (declining to apply federal mailbox rule to state postconviction filings).  Moreover, a petitioner may not challenge the state court's determination of timeliness.  *See Vroman*, 346 F.3d 598, 604 (6th Cir. 2003); *Israfil*, 276 F.3d at 771.  "Because state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and rules of practice."  *Id.* at 771; *see also Vroman*, 346 F.3d at 604.  Further, a petitioner is not entitled to an evidentiary hearing on the question of his timeliness in state court.  *See Vroman*, 346 F.3d at 606 (evidentiary hearing on state procedural determination is not authorized under AEDPA, which permits evidentiary hearings under limited circumstances only for federal constitutional claims).  Therefore, Petitioner had until May 25, 2002, to file his habeas corpus petition or to otherwise toll the statute of limitations.  According to Petitioner's amended petition (docket #5), he filed a motion

- 5 -

for relief from judgment in the state court on May 29, 2002, four days after the statute of limitations had run.

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.  Because Petitioner's one-year period expired on May 25, 2002, his motion for relief from judgment filed four days later does not serve to revive the limitations period.  *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Thomas v. Johnson*, No. 99-3628, 2000 WL 553948, at *2 (6th Cir. April 28, 2000);  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *see also Rashid v. Khulmann*, 991 F. Supp 254, 259 (S.D. N.Y. 1998); *Whitehead v. Ramirez-Palmer*, No. C 98-3433 VRW PR, 1999 WL 51793 (N.D. Cal. Feb. 2, 1999).  For the reasons set forth above, the undersigned concludes that Petitioner's application for habeas corpus relief is barred by the one-year statute of limitations.

Respondent further asserts that, even if Petitioner's habeas corpus action was not barred by the statute of limitations, he has procedurally defaulted his claims.  When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review.  *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982).  The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the

state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002).   A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)).   This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

Petitioner concedes that both of his attempts to appeal to the Michigan Supreme Court, once on direct appeal and the second time following his motion for relief from judgment, were rejected as untimely.  Michigan law clearly requires that any application for leave to appeal to the Michigan Supreme Court be filed within 56 days after the lower court decision.  M.C.R. 7.302(C)(3).  Petitioner failed to timely file his applications for leave to appeal, and the Michigan Supreme Court rejected the first application on May 29, 2001, and the second application on February 19, 2004, pursuant to M.C.R. 7.302(C)(3).   The procedural rule relied upon by the Michigan Supreme Court to bar review of this issue was firmly established and regularly applied in 2001, the date of the first default.  The requirement that timely leave to appeal be sought in the Supreme Court is of ancient vintage in Michigan. *See* G.C.R. 1963, 853 (effective Jan. 1, 1965); M.C.R. 7.302 (effective March 1, 1985).  Accordingly, the undersigned concludes that Petitioner

procedurally defaulted the issue by failing to timely file an application for leave to the Michigan Supreme Court.

When a petitioner has procedurally defaulted in the state courts, the federal habeas court will only entertain the defaulted issue if the petitioner can show "cause" for the procedural default and "actual prejudice" as result of the alleged federal violation or can show actual innocence. *Coleman*, 501 U.S. at 750 (1991); *Murray*, 477 U.S. at 485; *Lucas v. O'Dea*, 169 F.3d 1028, 1033 (6th Cir. 1999); *Rust*, 17 F.3d at 160-61. To show cause sufficient to excuse a failure to raise claims on direct appeal, petitioner must point to "some objective factor external to the defense" that prevented him from raising the issue in his first appeal. *Murray*, 477 U.S. at 488; *see McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

In his "reply brief in support of petition for writ of habeas corpus," Petitioner states that "through the negligence of the St. Louis Correctional Facility 78 pages of . . . trial transcripts were misplaced which contained the vital sentencing portion of the transcripts." Petitioner sent a letter to the state court requesting copies of the missing transcript pages. On October 9, 2001, Petitioner received a response from the court clerk indicating that the fee for copies was $78.00. Petitioner paid the fee, but was sent the wrong material. Petitioner returned the copies and requested the correct pages. Petitioner ultimately received the proper copies on March 20, 2002. Petitioner states that he filed his motion for relief from judgment on June 5, 2002. However, this assertion does not address Petitioner's failure to file timely applications for leave to appeal in the Michigan Supreme Court.

Petitioner further states that he has had to learn how to type in order to pursue his appeals and has limited access to the law library. However, with Petitioner's difficulties in obtaining transcripts, these assertions do not address his failure to file timely applications for leave to appeal

- 8 -

in the Michigan Supreme Court.  Moreover, a petitioner's pro se status and ignorance of his rights

do not constitute cause.  *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995).  Where a petitioner

fails to show cause, the court need not consider whether he has established prejudice.  *See Engle*, 456

U.S. at 134 n.43; *Leroy v. Marshall*, 757 F.2d 94, 100 (6th Cir.), *cert. denied*, 474 U.S. 831 (1985).

Accordingly, because Petitioner's claim is procedurally barred, his application for habeas review

should be denied.

In summary, the undersigned concludes that Petitioner's claims are barred by the

applicable statute of limitations, as well as by the doctrine of procedural default.  Therefore, the

undersigned recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a

certificate of appealability be denied as to each issue raised by the Petitioner in this application for

habeas corpus relief.  Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate

of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of

a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district

court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court

in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, the

undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application on

procedural grounds that it is barred by the statute of limitations, as well as by the doctrine of

procedural default.  Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural

grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."   Both showings must be made to warrant the grant of a certificate.  *Id.*  The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims are properly dismissed on the procedural grounds that it is barred by the statute of limitations, as well as by the doctrine of procedural default.  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Id.*  Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley _____
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   October 6, 2006